### DALBKERMEYER v. SCHOLTES et al.

An appeal will be dismissed when it is shown by satisfactory evidence that it was taken or is being prosecuted without authority, and against the desire or wish, of the appellant.

(Syllabus by the Court. Opinion filed June 2, 1892.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Motion to dismiss an appeal. Allowed.

The facts are stated in the opinion.

*Keith & Bates*, for appellants.

·A conveyance of the homestead by a husband to his wife is not invalid because the wife does not join in the deed of conveyance. Sections 2451, 2590, Comp. Laws; Thomp. on Homestead & Ex. § 473; Furrow v. Athey, 33 N. W. 208; Burkett v. Burkett, 20 Pac. 715; Harsh v. Griffin, 34 N. W. 441; Spoon v. Fossew, 5 N. W. 624; Riehl v. Bingenheime, 28 Wis. 84; Barnes v. Baker, 60 Tex. 140; Ruohs v. Hooks, 3 Lea, 302; Insurance Co. v. Ketterlin, 24 Ill. App. 427.

*Joe Kirby*, for respondent.

The husband cannot, by his own individual deed, convey the homestead direct to his wife, she not joining in the transfer. Section 2451, Comp. Laws; Dean v. Metropolitan, 119 N. Y. 540; Falk v. Hecht, 75 Ala. 293; Franick v. Davis, 85 Ala. 342; 5 So. 83; Johnson v. Jonchert, 8 Law Am. 795; Madden v. Madden, 15 S. W. 480. Delivery by the grantor and acceptance by the grantee is essential to the validity of a deed. Civil Code, § 606; Am. & Eng. Ency. Law, v. 5, p. 445. The filing of the deed for record by grantor does not constitute a delivery. Stephens v. Castel, 29 N. W. 828; Hendricks v. Ransor, 19 N. W. 192. Where a grantor signs by mark, the party writing the grantor's name must write his own as a witness. Civil Code, § 2126.

BENNETT, J. This was an action to recover certain real estate described in the complaint. The defendant Scholtes pleaded: (1) A general denial; (2) that he was the owner in fee of the property; (3) that the same was a homestead. At the trial the court discharged the jury, and ordered judgment in favor of defendants. From this judgment the record shows that the plaintiff appeals.

After the appeal had been perfected, and the cause prepared for a hearing in this court, the respondents filed their motion to dismiss the appeal, because it was brought and is prosecuted without authority. The notice of appeal is signed by Keith & Bates and George W. Hanson, attorneys for plaintiff and appellant. The abstract and brief have the firm name of Keith & Bates, attorneys for appellant, attached to them. These facts primarily raise the presumption that these attorneys had the authority to do what has been done in the case since the rendition of the judgment in the court below. But the attorney for the respondents has filed several affidavits in support of his motion to dismiss. First is the affidavit of Dalbkermeyer, the plaintiff, against whom the judgment was rendered, in which he swears "that neither Keith & Bates, nor either of them, are, or have ever been, my attorneys therein, or authorized by me to act in said action in any manner; that I am informed that an attempt has been made to appeal said action from the circuit court of Minnehaha county, South Dakota, to the supreme court of the state; that I have never, either directly or indirectly, authorized said appeal to be taken, and any such

proceedings, if taken, are wholly without my consent, and against my wish and desire; that George W. Hanson was my attorney in said action in the circuit court, and that I had no other attorney; that I have never authorized him to employ any attorney or counsel therein; that the time for which he was employed and authorized to act for me therein ceased at the entry of judgment; and that any proceedings since judgment therein was entered, by either said Hanson or Keith & Bates, is unauthorized, and without my consent and against my desire." Joe Kirby, in his affidavit, swears that he is the respondent's attorney in the above-entitled action, and upon whom the alleged notice of appeal was served. He also swears that George W. Hanson is the only attorney that ever appeared for said plaintiff; that he is well acquainted with the aforesaid Hanson's handwriting and signature; and that the purported signature of said Hanson to said notice of appeal was not done by him, and that the same is not his signature. Upon the part of the attorneys Keith & Bates, who it appears brought the appeal, the affidavits of themselves and of George W. Hanson are filed. Mr. Hanson swears that he was the attorney of Dalbkermeyer, and commenced the action; that he was employed by one Rose, who was the agent of Dalbkermeyer, to look after his property and other matters, in Minnehaha county, and that he was authorized to employ H. H. Keith, an attorney, to assist him in said cause, and that said Keith did assist and did appear in said action as one of the attorneys for said plaintiff, and tried said action in said circuit court; that he (Hanson) left Sioux Falls; he turned over to said H. H. Keith all the papers in said action, with instructions to him to do whatever was necessary in said cause. Said Keith acted as one of the attorneys for the plaintiff in the trial of said cause, and prepared various papers in said action, and signed his (Hanson's) name thereto, as attorney, and by his authority; and that H. H. Keith was regularly and duly employed by the plaintiff through his said agent, as aforesaid, to conduct said cause as stated. Charles Allen, in his affidavit, swears that he is familiar with the facts in the above-entitled action; that H. H. Keith had principal charge of the case, and tried the same in the circuit court; that after the trial of said cause a Mr. Winters, of the firm of Winters

& Kaufman, of Wyman, Neb., who were attorneys of Dalbker-
meyer, came to Sioux Falls to look after the interest of said plain-
tiff pertaining to said cause; that said Winters called upon said de-
ponent, and the said witness and this deponent went to the law of-
fice of Keith & Bates, and it was agreed that the said plaintiff should
appeal said cause to the supreme court of the state; that, after
seeing to other matters that had some bearing upon the merits
of the case, he (Allen) says "that the whole matter was talked
over, and it was agreed between all parties present that such ap-
peal should be taken." H. H. Keith, in his affidavit, swears that
he was employed by James Rose, who was an agent of the plaintiff,
Dalbkermeyer, to look after his interests in Minnehaha county;
that said Rose had formerly employed George W. Hanson to com-
mence this action; that said Keith did try said cause in said circuit
court for said plaintiff in connection with Mr. Hanson; that he
(deponent) took full charge of said case, and was authorized by said
Hanson to sign his name as attorney, whenever it was necessary,
to any pleading, paper, or motion in the case; that he argued the
law questions raised and to be determined by the court on behalf
of said Dalbkermeyer, and that, after the decision of the court in
the case, this deponent was employed to take whatever steps were
necessary to appeal the cause to the supreme court, and prepare
the bill of exceptions and all necessary papers for appeal; that Mr.
Hanson left all the papers in the case with this deponent, with
instruction to proceed with the using of his name, if necessary or
otherwise, in the prosecution of said appeal; that shortly there-
after a Mr. Winters, of the firm of Winters & Kaufman, attorneys
at law in Wyman, in Nebraska, came to said Sioux Falls on be-
half of said Dalbkermeyer, and, after talking over the matter with
the deponent and a Mr. Allen, it was agreed that the deponent, a
member of the firm of Keith & Bates, should immediately serve
notice of appeal, and draw an undertaking in the usual form. The
said Allen, acting for Almira Allen, his wife, and one A. M. Har-
ris, agreed to pay all the expenses of said appeal, to furnish secu-
rities, and that Dalbkermeyer should be put to no expense what-
ever. C. P. Bates, one of the firm of Keith & Bates, corroborates
the statements of Mr. Keith, except as to the manner in which Mr.

Keith was employed to try the case in the circuit court in the first instance. In rebuttal Mr. Dalbkermeyer swears that he has read the affidavit of H. H. Keith, wherein he states that one Mr. Winters, claiming to represent him, agreed to appeal the above-entitled action. He swears affiant never authorized Mr. Winters to enter into any such agreement, or to authorize an appeal to be taken in said action, and, if Mr. Winters did so, he did it without consent or authority on his part. Mr. Winters swears that he is the person described as Mr. Winters, of Wyman, Neb., in the affidavit of H. H. Keith, and is the person who had the conversation with said Keith and one Charles Allen, and that he did not authorize, or purport to authorize, an appeal to be taken in said action in any manner, and that he had no authority from said Dalbkermeyer to employ counsel, or to authorize an appeal to be taken, and that he did not do so.

The facts detailed in the affidavits show without doubt that George W. Hanson was originally employed by Dalbkermeyer to prosecute the case in the court below, and that afterwards Messrs. Keith & Bates were associated with him in the trial of the cause. But grievous doubts exist as to the authority to take and prosecute this appeal. The authority of an attorney to appear in any proceedings of a court is not questioned by the court. The right of an interested person to do so is clear. In this case the appellant, by his sworn statements, says that neither Messrs. Keith & Bates, nor any other attorney, was, directly or indirectly, authorized to take or perfect this appeal, and all proceeding for that purpose are without his consent, and against his wish and desire. To controvert the affidavit is that of H. H. Keith. Says he was employed by George W. Hanson, the attorney of Dalbkermeyer, to assist in the prosecution of the case in the lower court. Hanson's authority, if any existed, to employ counsel, could only extend to the obtaining and enforcing of it. Unless, therefore, we can find some subsequent employment of either of the attorneys acting in behalf of the appellant in the appeal, he or they must have been acting without authority. Mr. Keith states that he was employed to take whatever steps were necessary to appeal the case to the supreme court. The employment or understanding was between

Mr. Hanson and Mr. Keith. After the preparation of the bill of exceptions and other necessary papers it appears that Mr. Keith had a conversation with a Mr. Winters, an attorney at law, who, on behalf of Dalbkermeyer, was looking after his interests in and about Sioux Falls, and with one Mr. Allen, who was acting for his wife; as she, it appears, had some interest in the final result of the suit, but was not a party to it. In the conversation it was agreed that Mr. Keith should immediately serve a notice of appeal on the defendant and respondent, in which Allen agreed to pay all the expenses of the appeal, and furnish the securities on the bond, and that Dalbkermeyer should be put to no expense whatever. This is all the authority of the appeal, according to Mr. Keith's statement, and this rests upon the authority of Mr. Winters to make it. Mr. Dalbkermeyer swears positively that he never authorized Mr. Winters to either employ an attorney to take the appeal or to cause it to be done. Mr. Winters swears with equal positiveness that he did not authorize, or purport to authorize, an appeal to be taken in any manner, and that Mr. Dalbkermeyer gave him no authority to employ counsel for that purpose, and that he did not do so. This, we think, in the absence of other testimony, is conclusive. We must therefore sustain the motion to dismiss. This is done without casting any reflections upon the attorneys who have taken and perfected the appeal, as the affidavits disclose sufficient undisputed facts upon which a reasonable inference could be drawn that the appeal was authorized by the plaintiff, and there is no doubt but the attorneys were acting in the best of good faith on their part.