## DALBKERMEYER V. SCHOLTES *et al.*

1. Where an appeal is dismissed upon motion of respondent made at same term at which case stands for argument upon its merits, and it is so argued, the court reserving its decision on the motion to dismiss, respondent is entitled to have taxed his proper costs for printing brief on the merits.
2. It is only when respondent is justified in deeming appellant's abstract imperfect or unfair that he may serve additional abstract. Such additional abstract is only allowable for the purpose of setting out other or additional matter not found in appellant's abstract, and necessary to a full understanding of the questions presented to the court for decision.
3. If such additional abstract by respondent is clearly unnecessary and uncalled for, no costs for printing the same will be taxed in his favor.

(Syllabus by the Court. Opinion filed July 5, 1892.)

Action by C. H. Dalbkermeyer against Nicholas Scholtes and Laurenz Halbritter. There was judgment for defendants, and plaintiff's appeal was dismissed. From a taxation of costs plaintiff appeals. Costs retaxed.

The facts are stated in the opinion.

*Keith & Bates,* for appellant.

*Joe Kirby,* for respondents.

BENNETT, J. In the above matter the appellant appeals from the action of the clerk of the supreme court in the taxation of costs in the case of Dalbkermeyer v. Scholtes, 52 N. W. Rep. 261, wherein the appeal was dismissed at this term, for the reason that it was not authorized by the appellant. The judgment of dismissal was entered June 2, 1892. The costs on the appeal were taxed by the clerk of this court on the 9th day of June, and respondents were allowed the following as their costs:

Before argument...................................... $5.00
For argument......................................... 15.00
Printing brief....................................... 6.00
Printing additional abstract......................... 22.00
Fees clerk supreme court............................. 9.95

Total...............................................$57.95

To this allowance the appellant objects:

1. To the taxing the item of six dollars for printing respondents' brief, for the reason that the appeal was dismissed on eight days' notice of motion made for that purpose, and the printed brief does not relate to the question of dismissing the appeal, and the case was not decided upon its merits. This objection is not tenable, because it has been the general practice of this court, whenever a motion to dismiss an appeal, for any cause, has been interposed by a respondent, to hear the argument, not only upon the motion to dismiss, but upon the merits at the same time. Upon the consideration of the cause the motion is first considered, and, if the motion to dismiss is overruled, the cause is considered upon its merits; but, if the motion is sustained, the merits are not further inquired into. This practice necessitates as full preparation of the case upon the merits as though there were no motion to dismiss interposed, and consequently the prevailing party is entitled to the same amount of costs that he would be entitled to had the merits been considered. This practice has been adopted for the reason that, from a full consideration of the cases which come to this court, and in which motions to dismiss the appeal have been filed, it has been found that the expense to litigants will, as a general rule, be much less than it would be were we to first take the time to fully consider the motion to dismiss, and then have the case reset, and compel attorneys to prepare abstracts and briefs, and argue the case at another day upon its merits.

2. The second objection to the taxation is to the item of $22 for printing respondents' additional abstract, for the reason that it was not necessary to have the same printed, as it related in no way to the dismissal of the appeal or the motion made for that purpose, and the appellant's abstract contained all the testimony necessary to a full and complete determination of every question involved in the appeal. Rule 12 of this court requires the appellant in every civil cause to deliver to the respondent an abstract of the record, setting forth as much of it as shall be necessary to a full understanding of all the questions to be presented to the court for a decision. Rule 13 provides that, if the respondent shall deem the abstract of the appellant imperfect or unfair, he may

prepare an additional abstract, setting forth such other matters in the record as he shall deem necessary to a full understanding of the questions to be presented to the court. The additional abstract thus provided for relates to such other matter which has been left of the original abstract by the appellant as the respondent may deem necessary for the proper presentation of the case to the court. These rules do not contemplate that in all cases a respondent can repeat or reprint what shall be in the original abstract, nor the substitution of matter from the record which has no bearing upon or relevancy to the questions presented on the appeal. If this be done, he cannot reasonably expect to be allowed the cost of the printing of it. One of the objects of the abstract is to condense the original record, so that a terse and concise statement of the case may be presented for consideration; and it would be inequitable and unjust to place a construction upon these rules that would allow respondent to reproduce such matters as were in the original abstract, at an additional cost to the appellant. An additional abstract is not intended as a substitution of the original, but to supply such material matter as has been omitted from the original.

An examination of the additional abstract of the respondents will disclose the fact that pages 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 are, with one or two exceptions, a reprint of matter found in the original abstract. Page 4 of the additional abstract set out the reply to the answer, which has no relevancy to the questions raised on appeal, if heard on the merits. On page 5 is set out the addition of the objection of the defendants to the introduction of any evidence, because the pleadings show that the defendants are rightfully in possession of the premises, and the overruling of this objection by the court. The record shows that the defendants obtained a judgment in the court below, and, if this order of the court had been error, it could not have prejudiced the defendants' case on appeal, because they were not required to do more than defend their judgment. So, throughout this abstract, all the matters in it which are not in the original are such as would not be of benefit to the respondents in protecting their judgment. Then, so far as the costs for

printing the additional abstract are concerned, we think it was unnecessary, and an expense which the appellant should not be required to pay. This charge in the taxation of costs will be stricken out.

The objection made by respondents that an appeal from the taxation of costs should not be allowed, because not authorized by statute or the rules of this court, cannot be maintained. It matters not whether the mode of bringing the attention of the court to an error, or an alleged error, of its clerk, in any matter pertaining to his duties as clerk, be called a "special proceeding" or an "appeal," there can be no doubt as to the inherent power of the court to rectify any error or review any of the clerk's official acts, whenever attention is called to them by parties not interested. Were this not so, grave errors might go uncorrected, and much injustice be done to litigants.

The respondents also call our attention to the fact that the appeal for which these costs were taxed was dismissed upon the sole ground that the attorney who prosecuted the appeal was not authorized to take it, and that it is the same attorney who is now objecting to this taxation of costs, and submits this fact as a sufficient cause for dismissing these objections. We had occasion to say in the former case that the authority of an attorney to appear and prosecute matters in a court of which he is a practicing attorney will always be presumed, and, unless this presumption is overcome by evidence to the contrary, his right to act will not be denied. The fact that the attorneys were not authorized to prosecute the appeal that was dismissed is no evidence to prove that they have not the authority from the appellant to see that he is not taxed with too much as costs, and, until we are shown in some more conclusive manner than we have been, we shall presume that the attorneys have authority to act in the premises. In fact, it would be our duty to make correction of errors, either of omission or commission, made by the clerk or other officer of the court, no matter in what manner our attention is called to them, if such errors are working an injury to the rights of either party. It is due to the clerk of this court to say that he could not do other than he did in taxing the cost of the additional abstract against

the appellant. *Prima facie* it was to ·be so taxed. He .was not the proper person to judge as to relevancy of the matter contained in it. This was a question of judicial construction, and not within his ministerial duties. The costs on the appeal will be retaxed, omitting the item of $22 for printing additional abstract. All the judges concurring.