ALDRICH *et al.* v. WILMARTH.

Rule 13 of this court contemplates that the respondent may serve and file a further or additional abstract to supply defects and omissions in appellant's abstract, necessary to a proper presentation of the case on the part of the respondent for the determination of the same by this court; but, when such further or additional abstract largely duplicates matter contained in appellant's abstract, the respondent will only be entitled to tax as costs for printing such new or additional matter as was necessary to be inserted in such further or additional abstract.

(Syllabus by the court. Opinion filed April 19, 1893.)

Action by George W. Aldrich and Jacob E. Huffman, partners as Aldrich & Huffman, against Alma E. Wilmarth. From

a taxation of costs defendant appeals. Bill of costs amended.

*A. B. Melville* and *A. W. Wilmarth*, for appellant.

*Mouser & Volrath*, for respondent.

PER CURIAM. This is an appeal from the decision of the clerk of this court taxing the costs in this case. The only item really in contention is one for printing the amended abstract. The appellant insists that this item should not be allowed for the reason that an amended abstract was not necessary, and is incorrect in several particulars, which the counsel for the appellant specifies. The amended abstract was, we think, necessary to present certain evidence more fully to the court than it appeared in the original abstract; but it seems to contain also some portions of the evidence embodied in the original. As no reference is made to the pages or folios of the original sought to be amended, it is quite impossible for us, therefore, to determine definitely how much new matter is inserted, not contained in the original. We are of the opinion, also, that the errors in the amended abstract are too slight to warrant us in saying it was incorrect and we do not see that the verbal errors pointed out materially affect the sense, or would be calculated to mislead the court. While we shall insist that abstracts and amended abstracts shall be substantially correct, and that parties shall in good faith endeavor to have them so, yet slight verbal errors, evidently inadvertantly made and not intentional, and not calculated to mislead the court or counsel, will be disregarded. We are of the opinion, from an examination of the original and amended abstracts, that about one-half of the amended abstract is made up of evidence omitted from the original, or not so stated in the original as to fully present the respondents' case. We have concluded, therefore, to allow one-half the amount claimed for the printing of the amended abstract, and the bill of costs will be amended accordingly. When a claim is made for printing an amended abstract the clerk will ordinarily allow it, as he has no means of ascertaining whether the amended

abstract was necessary, or how much of it was required, and these facts can only be determined by the court. The clerk, therefore, very properly allowed the item in the first instance, leaving the party aggrieved to appeal to this court.