## KIRBY v. WESTERN UNION TELEGRAPH CO.

1. For argument on rehearing in this court, the prevailing party is entitled
   to receive, as a part of his costs and disbursements, a sum equal to the
   amount allowed for the original argument.

2. Although great latitude is conceded to counsel in the preparation of
   printed matter for the consideration of this court, a recovery for unnec-
   essarily printing and reproducing in a brief portions of the printed ab-
   stract, and lengthy quotations from text books and reported cases con-
   veniently within our reach, will not ordinarily be allowed.

   (Syllabus by the Court.    Opinion filed Dec. 2, 1895.)

On appeal from taxation of costs.    For former opinions, see 4 S. D. 105; 463; 55 N. W. 759 and 65 N. W. 37.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees,* for appellant.

*Joe Kirby, pro se,* for respondent.

FULLER, J.    From the action of the clerk of this court in taxing costs in the above entitled cause in favor of defendant and appellant, plaintiff and respondent appeals.    A rehearing having been granted, the case was twice argued and submitted on appeal.    Counsel's objection to the allowance of $15 for argument on rehearing cannot prevail, as the same is inequitable and contrary to the settled practice in this court.    A case involving the consideration of close questions of law, and of sufficient importance to justify the granting of a rehearing, suggests the necessity of reargument; and there appears to be no valid reason why the prevailing party should not receive as compensation for argument on rehearing, and as a part of his costs and disbursements, the same amount that is allowed upon the original argument.

The conclusion finally reached by a majority of this court rendered unnecessary a consideration of some of the questions discussed in appellant's brief, and counsel for respondents objects to the allowance of anything for printing the same.    Had a different view been taken of the questions upon which the case was decided, a consideration of all the questions presented might have been essential to a determination of the appeal, and counsel's contention cannot, therefore, be regarded with favor. From an examination of the briefs submitted by counsel for appellant, it is quite clear that they contain a reproduction of many pages of appellant's abstract which ought to have been omitted therefrom, and that lengthy quotations have been made from text-books and reported cases contained in our library, to which our attention might have been as effectually directed by a mere citation.    While the convenience of this court is often pro-

moted, and the ends of justice subserved, by allowing counsel great latitude in the preparation and printing of briefs and arguments, and while the practice of quoting something in point to elucidate a proposition under discussion is not to be discouraged, there was in the case before us no necessity whatever for printing at such great length from numerous textbooks and reports. conveniently at hand, and which would, in any event, receive in this court regardful attention. No application having been made to obtain an order eliminating from appellant's printed matter that which we now find to be unnecessary, and there being no rule of practice authorizing the clerk to consider respondent's objections which relate to costs and disbursements for printing, he could do no more, in the first instance, than to allow the item just as it appears in his taxation of costs and disbursements. For the reasons above mentioned, we are disposed to believe that from the amount allowed appellant for printing briefs $40 should be deducted, and as thus modified the action of the clerk in the taxation of costs appealed from is affirmed.