SWENSON v. CHRISTOPHERSON et al. In re SMELKER, Sheriff.

1. A rule of the supreme court providing that the size of type for printing briefs shall not be smaller than small pica, does not prohibit the use of a larger type.

2. A party should be allowed as costs the amount he paid for printing additional abstracts and brief, where such was the usual price.

3. A respondent will not be allowed costs for printing unnecessary matter in additional abstract, nor extended quotations from text-books and reports in his brief.

(Opinion filed Nov. 26, 1897.)

From the clerk's taxation of costs, appellant appeals. Modified.

*C. A. Christopherson,* for appellant.

*O. S. Gifford,* for respondent.

HANEY, J. The order of the circuit court herein having been affirmed (10 S. D., 72 N. W. 459), appellant appealed from the clerk's taxation of costs. His objections may be stated thus: (1) Respondent should be allowed nothing for printing additional abstract and brief, because the same did not conform to the rules of this court as to size of type and printed matter on each page; (2) the reasonable cost of printing same did not exceed 50 cents per page; and (3) the same contains irrelevant and unnecessary matter. The first objection is not well taken. The type used is pica, one size larger than small pica. The rule limits the size of type only in one respect, namely, small pica solid is the smallest letter and most compact mode of composition which is allowed. Rule 18. The letter used is larger, and the composition less compact, than that prohibited. The rule does not forbid type of any size larger than small pica. Respondent was allowed one dollar per page. That is the rate which has been uniformly allowed for printing briefs and abstracts. The affidavits before us show that such is the usual price, and the price paid by re-

spondent in this case. The clerk did not err in overruling the second objection. A respondent will not be allowed costs for printing unnecessary matter in an additional abstract, nor extended quotations from text-books and reports in his brief. Dalbkermeyer v. Scholtes, 3 S. D. 183, 52 N. W. 871; Aldrich v. Wilmarth, 4 S. D. 38, 54 N. W. 1051; Johnson. v. Gillmore, 6 S. D. 276, 60 N. W. 1070; Kirby v. Telegraph Co., 8 S. D. 54, 65 N. W. 482. No application having been made for an order eliminating unnecessary printed matter, it was the duty of the clerk to overrule appellant's objection; and it becomes the duty of the court upon this appeal to determine whether or not the additional abstract or brief contains any unnecessary or improper matter. Kirby v. Telegraph Co., supra. After a careful examination of both, we are of the opinion that neither contains any unnecessary or improper matter, except five pages of the brief, in which there is nothing but quotations from the opinions in two Ohio decisions found in the published reports of that state. The clerk is directed to deduct from respondent's costs the sum of five dollars, and as thus modiffed, the taxation is affirmed.