## McVAY v. TOUSLEY et al.

Where no application was made for an order eliminating unnecessary matter from appellant's abstract, the clerk properly overruled the respondent's objection to the taxation of costs on the ground that the amount allowed for printing the abstract was excessive, and it is the duty of the court on appeal from the taxation of costs to determine what, if any, portions of the abstract are unnecessary or improper.

Under Supreme Court rule 12, providing that the rule to observe in abstracting a case is to preserve everything material to the question to be decided and omit everything else, a party on appeal should not be allowed costs for unnecessary matter in an abstract or brief.

(Opinion filed, May 9, 1906.)

Appeal from clerk's taxation of costs. Modified.

For former opinion, see 20 S. D. — 105 N. W. 932.

*W. .Y. Quigley, N. J. Cramer,* for appellants. *Gamble, Tripp & Holman,* for respondent.

HANEY, J. This is an appeal from the clerk's taxation of costs and disbursements, on the ground that the amount allowed for printing appellant's abstract is excessive. No application having been made for an order eliminating unnecessary matter it was

the duty of the clerk to overrule respondent's objection; and it becomes the duty of the court upon this appeal to determine what, if any, portions of the abstract is unnecessary or improper. Kirby v. Telegraph Co., 8 S. D. 54, 65 N. W. 482. A party should not be allowed for unnecessary matter in an abstract or brief. Swenson v. Christopherson, 10 S. D. 342, 73 N. W. 96. The abstract, including the first cover, contained 170 pages, the printing of which appears to have cost 80 cents per page. If it contained nothing unnecessary the disbursement should be $136. The amount claimed and the amount allowed by the clerk was $141. Certain conveyances, concerning which no controversy existed, were unnecessarily printed in extenso. They occupy about 20 pages. About 12 pages are unnecessarily used in repeating certain paragraphs of the answer. About the same number of pages are devoted to decisions of sister states which were merely referred to in the statement of the case and need not to have been printed in the abstract. About 10 pages are given to specifications of error, which are repeated as assignments of error, where a statement that the asignemnts correspond with the specifications would have been sufficient. Ten or more pages are given to unnecessary details. Our rules require an abridgement not a reproduction of the original record. "The rule to be observed in abstracting a case is: Preserve everything material to the question to be decided, and omit everything else." Rule 12. In view of the original record and the questions presented by the appeal, we think, the abstract should not have contained more than 100 pages for which 80 cents per page should be allowed.

The case at bar is not an exceptional one. There is a growing tendency to print unnecessary and improper matter. If permitted to continue, the practice will become an intolerable burden to the court and to litigants. As one means of remedying the evil this court will not hesitate to reduce disbursements for printing abstracts and briefs whenever an opportunity is afforded. The clerk is directed to allow only $80 "for printing abstract." In all other respects his taxation is affirmed.