BARBOUR, Appellant, v. FINKE, et al, Respondents.

(217 N. W. 678.)

(File No. 6410.   Opinion filed February 4, 1928.)

For former opinion, see 216 N. W. 592.

*Parliman & Parliman,* of Sioux Falls, for Appellant.

*Lewis Benson* and *Rice & Rice,* all of Flandreau, for Respondents.

MISER, C.      This is an appeal from the clerk's taxation of costs and disbursements, in the case of the same title reported in 216 N. W. 592. Respondent contends that the amount allowed for printing appellant's abstract is excessive. Inasmuch as no application had been made for an order eliminating unnecessary matter, it was the duty of the clerk to overrule respondent's objection. It is, however, the duty of the court, upon this appeal, to determine what, if any, portions of the abstract are unnecessary. McVay v. Tousley, 20 S. D. 487, 107 N. W. 828. At the trial in circuit court, the facts were stipulated. Respondent contends that pages 18 to 70 of appellant's abstract are consumed in setting forth verbatim copies of the files in the foreclosure proceedings wherein appellant herein was plaintiff and Bertha Finke et al, none of whom were parties herein, were defendants, to which

foreclosure reference is made in the former opinion. In appellant's abstract, on the pages complained of, appellant sets forth the summons, complaint, answer of Bertha Finke, separate answer of Eli Finke, findings of fact, conclusions of law, judgment of the court, sheriff's certificate of sale issued on such foreclosure proceeding, and the sheriff's deed thereafter issued to appellant. The only attempt apparently made by appellant to condense the contents of these voluminous files in the foreclosure proceedings was to omit the title of the action. Even the verifications were given in hæc verba. Yet these were the files in a case which had been affirmed by this court in 47 S. D. 644, 201 N. W. 711, 40 A. L. R. 829, and no one contended in the present case that such proceedings were not effective for the purpose of foreclosing the rights of the defendants named therein. The printing of these files in the brief in hæc verba, in addition to being confusing when referring to the pleadings, findings, and decree in the case properly before us, placed an unnecessary burden upon the court in its work of review and increased the expense of litigation. It violated rule 5 of this court, which requires appellant to set out a "concise and condensed" abstract of the settled record and "to epitomize" the evidence carefully. The penalty for such violation is found within rule 10 as follows:

"Nor shall any party be allowed for any portion of a brief which is clearly unnecessary to a proper presentation of the cause in this court."

This does not require the objecting party to have the unnecessary portion stricken before being entitled to object to the allowance of such unnecessary cost. McVay v. Tousley, supra. The clerk is directed to deduct from appellant's costs the sum of $33.75, and, as thus modified, the taxation is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.