SIOUX HUDSON-ESSEX CO., Appellant, v. IOWA GUARAN-
TEE MORTGAGE CORP., Respondent.

(241 N. W. 327.)

(File No. 7133.   Opinion filed March 7, 1932.)

*A. J. Keith,* of Sioux Falls, for Appellant.
*T. R. Johnson,* of Sioux Falls, for Respondent.

CAMPBELL, P. J.   From an adverse decision below plaintiff
in this cause purported to take an appeal to this court.   The appeal
was noticed and calendared for oral argument.   On the day fixed
for hearing there was no appearance in behalf of appellant, and
respondent's counsel, though present, waived oral argument on his
part, and the matter was submitted.

Thereafter respondent moved in this court, pursuant to order
to show cause, for dismissal of the appeal upon the ground that
the same had in fact been taken by the attorney for plaintiff appel-
lant without authority from, and contrary to the desires of, his
client.   The motion is based upon information acquired subseqeutly
to the oral argument date, is resisted by appellant's attorney, and
is now for our disposition.

From the affidavits filed by appellant's attorney it is his conten-
tion that the papers and files in connection with this litigation were
brought to him originally by the president of plaintiff appellant
corporation, with directions to institute suit in the matter and
carry the same to the Supreme Court, if necessary, because ques-
tions important to the corporation were involved and the corpora-
tion desired to make a test case thereof.   The attorney further
maintains that after the adverse decision below the president of said
corporation was fully advised that the appeal was being taken,

authorized the procuring of bond in connection therewith, and approved thereof. In rebuttal respondent files the affidavit of the identical person (president and general managing officer of the Sioux Falls branch of plaintiff appellant corporation) whose authorization is relied upon by appellant's attorney, which affidavit recites, in substance, that neither he nor appellant corporation at any time authorized or purported to authorize the attempted appeal; that all steps in connection with said appeal were taken by the attorney without the knowledge, consent, or authority of plaintiff, and that plaintiff had no knowledge thereof until billed by the surety company for renewal premium upon the appeal bond, which renewal premium plaintiff appellant refused to pay (the original premium having been paid by the attorney if paid at all), and repudiated the entire appeal.

As to the merits of the controversy which appears to exist between the attorney of record for appellant and his client, we are not concerned. For present purposes it is not material whether or not the client authorized the taking of the appeal. From the affidavit filed by the president of plaintiff appellant, it is plain that the present attitude of said corporation is that it repudiates the appeal, does not now desire disposition thereof upon the merits, and, so far as it is concerned, wishes abandonment or dismissal. Assuming the appeal to have been originally authorized as the attorney claims, there is nothing to prevent the client from thereafter changing his mind and seeking the abandonment or dismissal thereof. What might be the client's liability to its attorney for fees and disbursements in such event is a question which has nothing to do with any matter now before us. Whether the appeal was authorized as the attorney claims or unauthorized as the client claims, and regardless of any question of good faith on the part of counsel, so far as the status of the matter here is now concerned, this court, under the circumstances here presented, must be governed by the present attitude of plaintiff appellant as set forth in the affidavit of its president (not contradicted by any other person in authority in said corporation), which is that said plaintiff appellant now repudiates all connection with the appeal.

Upon the authority of Dalbkermeyer v. Scholtes, 3 S. D. 124, 52 N. W. 261 (see, also, Id., 3 S. D. 183, 52 N. W. 871) the appeal must be and it is hereby upon respondent's motion dismissed. We

repeat that the dismissal is based upon the present attitude of plaintiff appellant corporation, by virtue of which it becomes entirely unnecessary to determine, and we expressly refrain from any attempt to determine, whether or not the taking of the appeal was originally authorized.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.