## Case No. 5,660.

### In re GRAHAM.

[2 Biss. 449; 4 Alb. Law J. 49.] [1]

District Court, W. D. Wisconsin.  Feb., 1871.

EXEMPTIONS —NONE IN PROPERTY FRAUDULENTLY CONVEYED.

1. A family sewing machine is properly exempt under the 14th section of the bankrupt act [of 1867, (14 Stat. 522)].

2. A watch, not being exempt by the statute of the state, does not properly come within the discretionary articles contemplated by that section.

[Cited in Re Steele, Case No. 13,346.]

[Cited in Stewart v. McClung, 12 Or. 431, 8 Pac. 447.]

3. In property conveyed by the bankrupt in fraud of creditors prior to the filing of the petition against him, and afterwards recovered to the estate, he cannot claim any exemptions. The sale is good as against him. In attempting to place his property beyond the reach of his creditors he has placed his exemptions beyond his own reach.

4. In the list of exemptions the value of the articles set apart should be stated, so that it may be seen whether they come within the limitations of the act.

In bankruptcy. Petition by the bankrupt for an order directing the assignee to add to the list of exempt property set off to him, one family sewing machine, one silver watch, one single sleigh, one harness, one manufacturer's sewing machine, one horse and one buggy.

S. J. Todd, for assignee.
A. L. Sanborn, for bankrupt.

HOPKINS, District Judge. I think that the family sewing machine is exempt, and the assignee should set it off to the bank-

rupt. Section 1, c. 192, Laws Wis. 1860. The watch is not exempt by the state law, and does not properly come within the discretionary articles contemplated by section 14 of the bankrupt act. The bankrupt, it appears, had disposed of the sleigh, harness, and manufacturer's sewing machine to one Hanlon, before the filing of the petition in this case, and it was not claimed that he had re-purchased them, so that he clearly has no right to them.

The bankrupt, about the 12th of September, 1870, sold all his stock in trade and tools as a harness maker, three horses, three buggies, and a lot of cattle and other property, to one Hanlon, at the price of $3,684, for which he took his notes in equal amounts at one, two, and three years. A detailed bill of sale was made of the articles and price of each, in which the manufacturer's sewing machine was valued at $100, netting machine $300, and other tools $175, in all $575, all of which he now claims as exempt as mechanic's tools. By the state statute a mechanic's exemptions of tools is limited to $200 in value, so that if there was no question as to his right to the exemption to the amount allowed by the statute, he would not be entitled to the netting machine, for that alone exceeds in value the amount allowed; nor would he be entitled to the sewing machine, unless he gave up about $75 worth of his other tools, for together they exceed the statute allowance by that sum.

But I think the proof clearly shows that these articles were all sold by the bankrupt to Hanlon before filing the petition in bankruptcy, and he is not, therefore, entitled to them, whether exempt or not. That sale was unquestionably made to hinder and delay creditors, and was void, but the bankrupt is not permitted to impeach it; the sale as to him is good, and by it he parted irrevocably with all his interest in the property covered by the bill of sale.

The bankrupt claims that he bought back the horses, buggies and cattle before the filing of the petition in bankruptcy, or that the trade, so far as they were concerned, was abandoned, and that he allowed $1,600 upon the note for the purchase price. These articles were sold to Hanlon for $1,195, and why he should have taken them back at $1,600 is not explained. The re-sale of this property is attempted to be sustained by Graham's and Hanlon's testimony taken before the register. They agree as to the terms and circumstances of the sale, and show the transaction to have been a gross fraud upon the creditors. They agree substantially, also, as to the fact of the re-sale, but no explanation is given of the discrepancy between the price they were sold for, and taken back at on the day following the sale; their notes are not produced to show whether they were indorsed or not, and Hanlon swears that he told the marshal and one Dewey the day he took the property that the horse was his.

After a careful examination of their testimony I am forced to the conclusion that the part relating to the re-sale of the property (and in which was included the horse and buggy) is not entitled to credit, and is not true. The property was found in the possession of Hanlon by the marshal, and he claimed to own it then under his fraudulent purchase. They had no doubt conspired together to place the possession and apparent title to it in Hanlon, to defraud Graham's creditors, and were in the execution of that dishonest scheme when they were arrested by the proceedings of this court. And if the bankrupt has by his fraudulent acts deprived himself of the benefit of the exemption laws, it is a just retribution upon him. A debtor not unfrequently cheats himself in trying to cheat his creditors, and this bankrupt furnishes a striking example of such a case. In his anxiety to place his property beyond the reach of his creditors, he placed his exemptions beyond his own reach.

I therefore deny the prayer of the petitioner, so far as he asks to have the assignee set off the horse, buggy, harness, sleigh, watch and manufacturer's sewing machine as exempt to him, but direct that the assignee set off to him the family sewing machine, as prayed.

I also direct the assignee to strike out of the list of exemptions the "tools as harness maker, including netting machine, straw cutter, and miscellaneous tools," for the reasons:

First. That their value is not stated as required by the 19th general order in bankruptcy, so that it can be seen whether the articles embraced in that designation exceed in value $200; and

Second. That the evidence clearly satisfies me that the bankrupt had parted with all his interest in them before the commencement of these proceedings, and that they are not now, and were not then, his property, but as between him and Hanlon, they belonged to Hanlon; that the creditors alone can impeach the title of Hanlon for the fraud. The bankrupt cannot. The assignee will correct the list of exemptions in conformity with this opinion, and file the same without delay.

That a bankrupt cannot claim as exempt, property conveyed by him in fraud of his creditors and recovered by the assignee, see, also, Keating v. Keefer [Case No. 7,635].