# SUPREME COURT.

## Sweet agt. Chapman.

*Costs — allowed for reargument.*

Where the plaintiff had a verdict at the circuit, the defendant appealed, the general term affirmed the judgment, the defendant moved the general term for leave to go to the court of appeals, the defendant paid the costs of the appeal, including forty dollars for argument. Thereafter the general term ordered a reargument, and upon such reargument granted a new trial, with costs to abide the event. On the new trial plaintiff again had a verdict and taxed the costs, including forty dollars for reargument:

*Held*, that this item of forty dollars for reargument was properly allowed. The reargument was ordered upon defendant's application, and as the reargument resulted in a new trial being ordered in which plaintiff recovered, he is entitled to compensation for such reargument.

*Onondaga Special Term, May*, 1877.

Motion by defendant for a readjustment of costs as to an item of forty dollars allowed for reargument. The plaintiff had a verdict at the circuit, the defendant appealed, the general term affirmed the judgment, the defendant moved the general term for leave to go to the court of appeals. The defendant paid the costs of the appeal, including forty dollars for argument. Thereafter the general term ordered a reargument, and upon such reargument granted a new trial, with costs to abide the event. A new trial was had and the plaintiff again received a verdict, and taxed the costs, including forty dollars, for reargument.

*R. H. Tyler*, for motion.

*Randall & Randall*, opposed.

Sweet agt. Chapman.

HARDIN, J. — A trial is defined to be "the judicial examination of the issue." An argument takes place prior to a judicial decision of the issues in a case. There had been an argument and decision. Costs were allowable, and properly taxed and paid. They were paid "for argument of the appeal," the judgment was affirmed, the costs paid, and, of course, the plaintiff satisfied.

But upon defendant's application a reargument was ordered. He it was who imposed the labor of a reargument that took place, and the court thereupon reversed the judgment and ordered a new trial, with costs to abide the event. The court expressly ordered the costs to abide. That, of course, covered statutory costs to the successful party.

By subdivision 1 of section 306 of the Code, the costs of an appeal are in the discretion of the court when a new trial is ordered. The discretion was, therefore, properly exercised by the general term when it reversed the judgment and ordered a new trial. The plaintiff would have no compensation for the reargument if this item was not allowed (3 *Den.*, 259, *and note;* 1 *How.*, 236; 2 *Hill*, 357).

The motion must be denied, but as the question is novel, without costs of the motion to either party.