[Filed October 26, 1885.]

## C. H. STEWART, Assignee, v. ISAAC McCLUNG.

Exemption from Execution—Wearing Apparel.—A watch of moderate value may be exempt from execution as "necessary wearing apparel," when it is made to appear that the watch and other articles reserved as wearing apparel do not exceed the amount limited by the statute. But in such case it lies with the party claiming the exemption to prove affirmatively the facts which establish his claim.

Linn County.    Defendant appeals.    Affirmed.

The facts are stated in the opinion.

*Weatherford & Blackburn*, for Appellant.

Under our statute every person is entitled to necessary wearing apparel to the value of one hundred dollars. (Code, § 279.) A watch is included in the words "necessary wearing apparel," as used in exemption laws. (*In re Steele*, 8 Cent. L. J. 86; and see article on Common Law Exemptions, 9 Cent. L. J. 262; *Bumpus* v. *Maynard*, 38 Barb. 626; *Mack* v. *Parks*, 8 Gray, 517.) We do not claim that a watch is absolutely necessary for subsistence, nor are many other articles that have always been considered exempt under similar statutes; the word "necessary" has ever extended to things of convenience and comfort, and suitable to the condition of the person in society, and is not limited to things absolutely necessary for mere subsistence. (*In re Steele, supra; Montague* v. *Richardson*, 24 Conn. 338; *Garrett* v. *Patchin*, 29 Vt. 248.) If his wearing apparel exceeded the statutory limit, he would have the right to make such selection as he saw proper; but there is no evidence that it would exceed the limit. He claimed this watch as exempt, and the court held that a watch was not or could not be exempted as wearing apparel. If it is not provided in the insolvent act that it is not exempt, then the insolvent is entitled to the benefit of the exemption. (*Brooks* v. *Nichols*, 17 Mich. 38; *Moseley* v. *Anderson*, 40 Miss. 49.)

*L. Flinn*, and *H. H. Hewitt*, for Respondent.

Under section 3, page 37, Session Laws 1878, the title to all

the property of the assignor passed to the assignee upon the execution and delivery of the assignment. The assignment vested all the property of the assignor in the assignee. Section 3, p 37, Session Laws of 1878, expressly provides that such an assignment shall vest in the assignee all the property of the assignor, whether mentioned in the schedule or not. (*Moses* v. *Thomas*, 26 N. J. L. 124; *Van Waggoner* v. *Moses*, 26 N. J. L. 570.) If the assignor claimed any of the property as exempt from the operation of the assignment, it was his duty to claim and select it at the time of the assignment, and if he did not do it then, he waived his right to do so afterwards under section 279 of the Code. (*White* v. *Thompson*, 3 Oreg. 115.) The watch in question is not exempt from execution, and not necessary wearing apparel under the laws of this State; in fact, not wearing apparel at all within the meaning of that term. (*Towns* v. *Pratt*, 33 N. H. 345; *Gooch* v. *Gooch*, 33 Me. 535; Freeman Execution, § 232; *Smith* v. *Rogers*, 16 Ga. 479; *Frazier* v. *Barnum*, 19 N. J. Eq. 316; Smyth Homesteads and Executions, § 572; *Deposit Nat. Bank* v. *Wickham*, 44 How. Pr. 421; *Rothchild* v. *Boelter*, 18 Minn. 361; *Bitting* v. *Vandenburg*, 17 How Pr. 80; *Leavitt* v. *Metcalf*, 2 Vt. 342.) The appellant relies mainly on the case *In re Steele*, reported 8 Cent. L. J. 86, and on an article on Common Law Exemptions, 9 Cent. L. J. 262. The case *In re Steele* was an assignment in bankruptcy under the United States Statutes. Revised Statutes, section 5045, provides specially for the exemption of "kitchen furniture, and *other articles and necessaries*," and under that provision a watch was held necessary to a commercial traveler and therefore exempt. If the court should be of the opinion that a watch could or should be included in the term "wearing apparel," then it is a question of fact whether it was necessary, and whether appellant's wearing apparel, including the watch, does not exceed one hundred dollars. (*Willson* v. *Ellis*, 1 Denio, 462.)

LORD, J.—This is an appeal from an order of the Circuit Court requiring the appellant, an insolvent debtor, to surrender and deliver up to his assignee, for the benefit of his creditors, a

gold watch and chain, valued by his evidence to be worth from fifty to seventy dollars. By his deed of assignment the appellant transferred to his assignee all his property except such as was exempt from execution, but without any specification of such exempt property. The contention of the appellant is, that a watch and chain may be properly considered as an article "of wearing apparel," and as such it is exempt from execution, and protected by his assignment. Our statute provides that the "necessary wearing apparel owned by any person to the value of one hundred dollars" shall be exempt from execution if selected and reserved by the judgment debtor, or his agent, at the time of the levy, or as soon thereafter before the sale thereof as the same shall be known to him, and not otherwise. (Code, § 297, subd. 2.)

The question whether a watch is a necessary article of wearing apparel, and as such, exempt, seems, from the decisions, to depend upon the particular facts, or attendant circumstances of each case, such as the value of the watch, the condition and business of the debtor, etc., and has been differently decided under different circumstances. In *In re Steele*, the meaning of the term "wearing apparel," used in the bankrupt act, was carefully considered by Hammond, J., of the United States District Court for the western district of Tennessee. John Steele had been allowed and claimed no exemption except a watch which was described as "a plain old style single case gold watch, which he had owned for twenty-five years or more, and which would scarcely sell for twenty-five dollars." The question was, whether it could be held by him as exempt under the law exempting "other articles and necessaries," and "wearing apparel." The learned judge said: "It would not be doing any great violence to the meaning of the term 'wearing apparel,' as used in the bankrupt act, to include in it a gold watch of moderate value. The definition of the word "apparel," as given by lexicographers, is not confined to clothing; the idea of ornamentation seems to be rather a prominent element in the word, and it is not improper to say that a man "wears" a watch or "wears" a cane. The exemption law of Arkansas says that "wearing apparel, except

watches, shall be exempt." (Ark. Dig. 503; 4 James Bankruptcy, 58; Avery & Hobbs Bankruptcy, 68.) The court allowed John Steele the watch.

In *Rothschild* v. *Boelter*, 18 Minn. 362, it was held that a silver watch and chain, worth forty or fifty dollars, worn by the debtor, is not exempt under the statute as "wearing apparel of the debtor and his family." The court say: "That an article *may be* worn does not make it wearing apparel within this statute. The words are to be construed in this case according to the common and approved usage of the language, namely, as referring to garments, or clothing generally designed for wear of the debtor and his family." In *Gooch* v. *Gooch*, 33 Me. 535, it was held that a watch which the testator had been in the habit of carrying with his person does not pass by a bequest of his wearing apparel. Wells, J., says: "The ordinary meaning of wearing apparel is vesture, garments, dress; that which is worn by or appropriated to the person. Ornaments may be so connected and used with the wearing apparel as to belong to it; there are implements, such as pencils and penknives, carried about the person, but not connected with the wearing apparel. These are not to be considered as clothing. To which class does a watch belong? It may not properly be called an implement, for it is used merely to look at; neither is it used as clothing or vesture. In its use it more nearly resembles the pencil or penknife. The court are of the opinion that the watch did not pass under the phrase 'wearing apparel.'" In *Sawyer* v. *Heirs of Sawyer*, 28 Vt. 251, it was held that a watch was not to be deemed wearing apparel. The court say: "Though a watch may have a further use than mere ornament, yet there is not enough to make it and its incidents wearing apparel." But on this point Redfield, C. J., thought otherwise, saying that "it seems to me that a watch which one wears and the chain and seals are dress and apparel." In *Smith* v. *Rogers*, 16 Ga. 480, an insolvent moved to exempt from sale a watch that he claimed to be part of his "wearing apparel." His wife had claimed and been allowed a gold watch. The court say: "Various articles of property have from time to time been exempted by the legis-

lature from this liability, but among these articles is not to be found watches, unless they come under the head of 'wearing apparel.' It is doubtful whether they can be made to come under that head; if, however, they can, we think that not more than one can be made to do so." In *Mack* v. *Parks*, 8 Gray, 520, which was an action of *tort* for taking the plaintiff's watch from his person by force, the court seems to have considered the watch as "part of his dress or apparel." As having some bearing upon this subject, see also *In re Thiell*, 4 Biss. 241; *In re Graham*, 2 Biss. 449; *Bumpus* v. *Maynard*, 38 Barb. 626; Herman Ex. § 99.

The exemption, however, under our statute is limited to the "necessary wearing apparel owned by any person, to the value of one hundred dollars." In construing the word "necessary" in such connection, the courts have been inclined to a liberal rather than a rigid construction. In *Towns* v. *Pratt*, 33 N. H. 349, under a statute exempting the "wearing apparel necessary for the debtor and his family," the court say: "The word 'necessary,' as here used, is not to be understood in its most rigid sense, implying something indispensable, but as equivalent to convenient and comfortable." (*Peverly* v. *Sayles*, 10 N. H. 356.) "It would, therefore, include such articles of dress or clothing as might properly be considered among the necessaries in contradistinction to the luxuries of life." (*Davlin* v. *Stone*, 4 Cush. 359.) If a watch is in no sense "wearing apparel," as some of the authorities indicate, the judicial construction of the word "necessary" is of no importance. On the other hand, it would seem that if a watch worn by a person may be considered as a part of his dress or apparel, the word "necessary," as judicially construed, would not so materially affect the meaning of the phrase "wearing apparel" as to exclude it. It is probably true that a watch is ordinarily worn more for convenience than as a mere luxurious ornament. But to determine whether it is one or the other, necessary or luxurious, as an article of dress or apparel, the value of the watch is allowed to have a controlling influence in determining that result. If the value of the watch be unreasonable, or too much money be invested in it, the law regards it,

as justice to the creditors would require, rather as a luxury than a necessity. And under our statute this element of value would necessarily become an important factor, as the exemption of "wearing apparel" is limited to one hundred dollars. But, as we have seen, upon the question whether a watch is a necessary article of wearing apparel, the authorities are conflicting. Upon the whole, our own judgment inclines us to the opinion that the phrase "necessary wearing apparel," as used in our statute, may include in it a watch of moderate value without doing violence to its meaning. We are not, therefore, prepared to say that a watch of moderate value is not a necessary article of wearing apparel, and as such exempt, when it is made to appear affirmatively that the watch and other articles of apparel selected or reserved do not exceed the amount limited by the statute.

"*Prima facie*, all the personal property of a judgment debtor is liable to levy and sale upon execution. If he would claim exemption for any of such property, he must bring himself and property within the exception of some statute by proper proof. No property in his possession is exempt *per se*." (*Dains* v. *Prosser*, 32 Barb. 291.)

It lies with the party claiming property to be exempt to prove the facts affirmatively which go to establish it. Until it is made to appear, at least, what are the articles, and their value, of wearing apparel, selected and reserved by the judgment debtor, the court cannot determine whether the privilege of the exemption laws has been properly exercised or abused to the injury of creditors. There is nothing in the deed of assignment, or in this record, to show what articles of wearing apparel, or the value of the same, which the appellant has reserved, except that he testifies that he has kept as exempt a gold watch and chain worth from fifty to seventy-five dollars. What other wearing apparel, and from the necessity of the case he must have retained some, the quantity and its value, he is silent about. The creditors have a right to know, and the facts lie within his knowledge, and unless he shows affirmatively the facts which sustain his right to the exemption claimed, the court will hardly aid him by pre-

sumption. This the appellant has not done, and the record before us discloses no error.

The judgment must be affirmed.