## BROWN *et al.* v. EDMONDS.

Under Sec. 5127, Comp. Laws, which makes absolutely exempt "all wearing apparel and clothing of the debtor and his family," a watch and chain owned and habitually worn by the debtor, is absolutely exempt, as wearing apparel.

(Syllabus by the Court. Opinion filed Feb. 19, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAM, Judge.

This case was first decided by this court in an opinion filed June 17, 1894, reported in 5 S. D. 508, 59 N. W. 731, in which the judgment of the trial court in favor of plaintiffs was modified. A rehearing was subsequently granted and the case reargued. This opinion is upon the rehearing. The judgment appealed from is reversed.

The facts are stated in the opinion.

*Edwin Van Cise*, for appellant.

Exemption laws are to be liberally construed, with a view to effecting their object and promoting justice. Kingman v, O'Callahan, *et al.*, 4 S. D., 628, 57 N. W. 912; Noyes *et al.* v. Belding *et al.*, 5 S. D, 603; 59 N. W. 1069. The gold watch and

chain owned and worn by defendant were exempt as "wearing apparel." Macks v. Parks, 8 Gray, 517; *In re* Steele, 2 Flip. (U. S. D. C.), 324; Rothschild v. Boelter, 18 Minn. 362; Stewart v. McClung, 12 Ore. 241; 53 Am. Rep. 374; Frasier v. Barnum, 19 N. J. Eq. 316; Richardson v. Buswell, 10 Metc. 506; Peverly v. Sayles, 10 N. H. 356. See also Waples on H. & E. 797 and notes. 7 Am. & Eng. Ency. of Law, 135–7, and notes.

*McLaughlin & McLaughlin,* for respondents.

A watch is not wearing apparel. Gooch v. Gooch, 33 N. E. 535; Thompson on H. & E. § 786; Freeman Exec. § 232; Franer v. Barnam, 19 N. J. Eq., 316; Town v. Pratt, 33 N. H. 345; Smith v. Rogers, 16 Ges. 479; Depocit v. Wickham, 44 How. Pr. 421; Rothschilds v. Boelter, 18 Minn. 361: Savage v. Heiss, 28 Vt. 249.

HANEY, J. This case is now before us on rehearing. Our former opinion will be found in 59 N. W. 731. Defendant, a judgment debtor, was ordered, in proceeding supplementary to execution, to deliver to the sheriff a gold watch and chain owned by him, and which he had carried constantly for three years. In the former opinion it was held that these articles were not exempt as "household furniture." Appellant now contends that they are exempt, under Sec. 5127, Comp. Laws, which makes absolutely exempt "all wearing apparel and clothing of the debtor and his family." Whether a watch carried constantly by the debtor should be regarded as wearing apparel, within the intent of the statute, is the only question to be determined.

Under a law providing that the necessary wearing apparel owned by any person, to the value of $100," shall be exempt, if selected, the supreme court of Oregon held that a watch not exceeding $70 in value should be considered as an article of "wearing apparel," and quoted with approval from the language of HAMMOND, J., in *Re* Steele, 2 Flipp. 324, Fed. Cas. No. 13,346, as follows: "It would not be doing any great vio-

lence to the meaning of the term 'wearing apparel,' as used in the bankrupt act, to include in it a gold watch of moderate value. The definition of the word 'apparel,' as given by lexicographers, is not confined to clothing. The idea of ornamentation seems to be rather a prominent element in the word, and it is not improper to say that a man 'wears' a watch or 'wears' a cane." Stewart v. McClung, 12 Or. 431, 8 Pac. 447. In Rothschild v. Boelter, 18 Minn. 362 (Gil. 331), it was held that a silver watch and chain, worth $40 or $50, worn by the debtor, is not exempt under the statute as "wearing apparel of the debtor and his family." The court say: "That an article may be worn does not make it wearing apparel within this statute. The words are to be construed in this case according to the common and approved usage of the language namely, as referring to garments or clothing generally designed for wear of the debtor and his family." It will be observed, however, that the Minnesota statute exempts "all wearing apparel of the debtor and his family"; our statute, "all wearing apparel and clothing of the debtor and his family." If the exemption was to be limited to "garments or clothing generally designated for wear of the debtor and his family," it was unnecessary to use both terms "wearing apparel" and "clothing" All authorities define "apparel" as including more than "clothing." Presumably, the legislature employed both terms advisedly, and for the purpose of including in the exemption more than would be understood by the term "clothing." The exemption is not limited in value, nor by the word "necessary," found in most statutes. Watches are as essential to the comfort and convenience of men in nearly all vocations as are hats or coats; in many they are absolute necessities. The same condition, in perhaps a less marked degree, prevailed when the statute under discussion was enacted. While the question is not free from difficulty, and one upon which courts may easily differ, we are inclined to hold that defendant's watch and chain were absolutely exempt as wearing apparel. Adhering to the views formerly announced

upon the questions then presented, it follows that the order appealed from must be reversed. The former order as to costs in this court will not be modified, appellant being allowed costs on rehearing. All the judges concur.