(8 App. Div. 524)
CONNELL v. AVERILL et al.

.(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

CUSTOM—EVIDENCE—TERMS OF CONTRACT.

　　On an issue as to whether a hiring was for a year, or by the month, it is not competent to ask a witness whether there was a custom with reference to the terms of such hirings in the vicinity.

　　Appeal from Onondaga county court.

　　Action by Jay Connell against Charles S. Averill and others to recover damages for the alleged wrongful discharge of plaintiff from defendants' employment. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes of the court, defendants appeal. Affirmed.

　　Argued before HARDIN, P. J., and FOLLETT, ADAMS, and GREEN, JJ.

　　Arthur Beebe, for appellants.

　　M. E. Driscoll, for respondent.

　　GREEN, J. The appellants are proprietors of the Yates Hotel, in Syracuse. March 2, 1894, the respondent entered the employ of the appellants as train or head porter, and continued in such employ until July 10th of the same year, when appellants notified him that his services in that position were no longer desired, but that he could continue in their employ as house porter. The respondent refused to accept that position, and left the employ of appellants. He received his pay for the time he worked. After such discharge he came to appellants, and offered his services, claiming that he had been hired for the term of one year. The appellants refused to allow him to continue in their service in the position he occupied at the time of his discharge. This action is for damages for not being allowed to serve his time and receive his compensation according to the contract as claimed by him. The controlling issue of fact in the case was whether the respondent was hired for the term of one year, as he claimed, or only by the month for an indefinite period, as claimed by appellants. The respondent testified that he was employed for the term of one year from the 2d day of March as head or train porter in the Yates Hotel, and that he was to receive for such services the sum of $20 per month. He further testified that when the contract was made one of the employés of the hotel was within hearing distance of the conversation between respondent and appellant Averill, with whom the contract was made. This employé was also sworn as a witness in behalf of respondent, and fully corroborated him as to the terms of the contract. Mr. Averill testified that the employé was not in a position which would enable him to overhear the conversation between Averill and Connell; and that, if the employé occupied the position which he testified to occupying at the time of such conversation, the situation and surroundings were such that he could not have heard such conversation. It was agreed upon the trial that the jury should attend in a body at

the hotel, and examine the situation, location, and surroundings of the place where the contract was claimed to have been made, and also the place where the witness testified he was at the time of the conversation, so that the jury might satisfy themselves as to the truth or falsity of the evidence of the employé. Before the close of the trial the jury did so view the premises. The defendant Averill, who was the only other person present at the time of the conversation between him and Connell, when Connell claims the contract was made, was sworn in his own behalf concerning that transaction. He testified: "I had a conversation with Connell about the first or second of March with reference to hiring him. Q. What was that conversation? A. Well, it was just about as he stated it." Upon being further questioned by his attorney, and asked to give his version of it, he testified that he asked Connell if he would like the position of head or train porter; that he said he would like it; and that he then told Connell the wages would be $20 a month, and as long as he filled the position satisfactorily he could retain it, and that nothing was said about employment for a year. The defendants also introduced in evidence the receipt given by respondent to appellants for services to August 1st in full. It will be seen that the respondent was corroborated by a witness, who, so far as appears from the record, was disinterested; and, not only that, the jury was allowed to view the premises, and thus verify the statement of the witness as to whether he was in a position to hear the conversation between Connell and Averill. Upon the evidence and the observation thus made the jury found upon that question in favor of the respondent. The verdict thus rendered upon conflicting evidence should not be disturbed.

The appellants contend that this judgment should not be allowed to stand, as it appears that at the time of respondent's discharge he was offered another position by the appellants, and that, although the contract was for one year, as contended by respondent, the appellants having offered him another position, he was bound to accept, and thus relieve appellants from any damages occasioned by his discharge. If this position so tendered him was of the same general character, and the duties thereof were such as could have been performed by the respondent, it would have been his duty to accept the same; otherwise he would have been precluded from claiming damages under the contract. It appears from the evidence in the case that the position tendered him at the time of his discharge was of a more arduous character than the one respondent occupied. The respondent testified upon that subject that the house porter was required to lift all the heavy trunks, and that the head or train porter drove the bus, and solicited passengers at the depots; and it appears from the evidence, uncontradicted, that at that time the respondent was suffering from a breach, occasioned by a fall from the omnibus while in the employ of appellants, and that he was unable by reason thereof to perform the duties of the position which was tendered him by appellants. He further testified: "I told Mr. Averill I would not take that, because I was not hired for that work, and that I was not able to do the lifting." This

evidence was properly submitted to the jury by the learned county judge in his charge. The jury was charged that it might take into consideration the offer of the appellants and the refusal of respondent to accept the offer of that position, and his explanation for not accepting it, and that it was for the jury to consider this evidence with the other evidence of the case, as bearing upon the question of damages. I am of the opinion that a proper disposition was made of this branch of the case.

Upon the trial the appellants produced a witness who testified that he resided at the Globe Hotel, in Syracuse, and that he had been a porter in the hotels of Syracuse for 13 years; that he took respondent's place as porter of the Yates Hotel. He was then asked by appellants' counsel, as follows:

"Q. Do you know the custom in Syracuse with reference to the terms of hiring porters in hotels? (This was objected to as incompetent, irrelevant, and immaterial.) The Court: I would like to hear from you, gentlemen. I held this morning that the question was admissible to show that they received their board. Mr. Driscoll: I know you did, just the same as it is customary for a hired girl in the kitchen to receive board when she is working; but it is not admissible to show that they don't hire men for a year, or that they don't hire a hired man for a year, because that goes right to the contract. Mr. Thorne: The offer is to show that the common, ordinary custom among hotel porters at that time was that the hiring was by the month, and not by the year, and such a hiring was unheard of. The Court: Ask your question. Mr. Thorne: Q. I ask him if he knows the custom with reference to the term of hiring. (Objected to as immaterial, incompetent, and irrelevant. Objection sustained. Exception by defendants.)"

The ruling was not error. The vital question of fact between these parties was the term for which respondent was hired. He contended that the contract was for one year; the appellants, that it was only from month to month. The contract, as stated by each of the parties, was clear and explicit as to the term of service. The appellants could not change the terms of an unambiguous contract by showing that the custom was contrary to the clearly expressed intention of the contracting parties. "When the terms of a contract are clear, unambiguous, and valid, they must prevail, and no evidence of custom or usage can be permitted to change them." Hopper v. Sage, 112 N. Y. 535, 20 N. E. 350; Wadsworth v. Allcott, 6 N. Y. 64; Wheeler v. Newbould, 16 N. Y. 392. Appellants' counsel argues that this evidence should have been admitted, because the court admitted evidence of a similar character when offered by the respondent, under appellants' objection and exception; and that the court was wrong in one instance or the other. There was no exception to the admission of the evidence referred to, and therefore that question cannot be reviewed upon this appeal. Because the court erred in the admission of evidence in one instance during the trial of an action furnishes no valid reason for reversing its decision in excluding incompetent and irrelevant evidence.

A further exception only remains to be considered. Appellants' counsel asked the court to charge that:

"If the jury shall find that the duties of this position of hall or inside porter that was offered to the plaintiff was of substantially the same character, and no more arduous than the position for which he was hired, that

in that case he cannot recover. The Court: I decline to charge in the words asked, but I do charge in answer the language in the case of De Loraz v. McDowell, 68 Hun, 172, 22 N. Y. Supp. 606: 'The rule of law contended for by the complainant is undoubtedly sound that when a servant is reasonably discharged he must. make reasonable efforts to obtain other employment, and credit the master with the amount earned by him in reduction of damages. He is not bound to accept employment of a different character, though it need not necessarily be of exactly the same kind, or at the same salary.' (Exception by defendants.)"

We are of the opinion that the court committed no error in this charge. The charge as made is applicable to the case, and clearly covered the subject and the question upon which the court had been called to charge the jury. The learned counsel, in asking the court to make the charge as he did, omitted an important fact bearing upon the subject-matter as to which the court was requested to charge, and that was that, by the uncontradicted evidence, the respondent was unable to perform the duties of the position tendered him. He also testified that he had so informed these appellants, and that he gave it as a reason for not accepting that position. We think the case was presented to the jury fairly and sufficiently favorably to these defendants upon the evidence. An examination of the exceptions taken by the appellants' counsel discloses no error which should lead us to disturb the verdict rendered by the jury.

The judgment and order should be affirmed, with costs. All concur.