MILLER v. KING et al.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

COSTS ON APPEAL—REHEARING.

If, after the plaintiff in an action recovers a judgment which is affirmed on appeal, but on a reargument is reversed, and a new trial granted, "with costs to abide the event," the plaintiff is again successful on the retrial, the costs upon both arguments on appeal are taxable against the defendant, but only one item of costs before notice of argument.

Appeal from special term, Orange county.

Action by George Miller against John King and John G. McCullough, as receivers of the New York, Lake Erie & Western Railroad Company. From an order denying plaintiff's application for retaxation of costs, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John W. Lyon, for appellant.
Henry Bacon, for respondents.

WOODWARD, J. On the original trial of this action the plaintiff was given a verdict. From the judgment entered, the defendants appealed to the general term, where the judgment was affirmed, with costs. On motion of the defendants, a reargument was ordered; and on this reargument the judgment was reversed, and a new trial granted, costs to abide the event. On the retrial the jury again found for the plaintiff, who, in taxing his costs, inserted items of $20 before argument and $40 for argument on both arguments before the general term. The items charged on the first argument were stricken from the bill by the clerk. This action on the part of the clerk was sustained by the special term, and, from the order entered, this appeal is taken.

We are unable to see any good reason why the plaintiff should not be allowed costs on both arguments. On the first argument the judgment was affirmed, with costs; and on the reargument the judgment was reversed, and a new trial granted, costs to abide the event. The new trial resulted in a verdict for the plaintiff. Both of these arguments were at the request and for the benefit of the defendants; and the plaintiff, having succeeded, is clearly entitled to the costs growing out of the effort of the defendants to defeat recovery.

In the case of Guckenheimer v. Angevine, 16 Hun, 453, the plaintiffs recovered a verdict, and the defendant moved for a new trial on a case. The motion was argued and submitted at a special term held by a justice of this court, who did not decide it, but subsequently ordered that it be reargued before another judge; and it was so reargued at a subsequent term, and the motion was denied. The clerk, in taxing the costs, allowed the plaintiffs two argument fees, to which defendant objected. The special term sustained the objection, holding that plaintiffs were entitled to but one fee. An appeal was taken to the general term of the Fourth department, and the court say:

52 N.Y.S.—66

"On the merits, we are of the opinion that the plaintiffs were entitled to the argument fee given by statute for each argument. It does not appear that the necessity for a reargument was caused by any act or omission on their part, and, two arguments having been in fact made, we think the items were properly taxed."

This, it will be observed, was a case where the reargument was due to the refusal of the court to act, while in the case at bar both arguments were upon the motion of the defendants; and the fact that the court may have erred on either of the arguments is no reason why the plaintiff should be made the victim of costs brought on by the motion of the defendants for rearguments.

In the case of Sweet v. Chapman, 53 How. Prac. 253, the plaintiff had secured a verdict at the circuit, from which the defendant appealed. The general term affirmed the judgment, and the defendant moved the general term for leave to go to the court of appeals. The defendant paid the costs of the appeal, including $40 for argument. Thereafter the general term ordered a reargument, and upon such reargument granted a new trial, with costs to abide the event. A new trial was had, and the plaintiff again secured a verdict, and taxed the costs, including $40 for reargument. Commenting upon this state of facts, Justice Hardin says:

"A trial is defined to be 'the judicial examination of the issue.' An argument takes place prior to a judicial decision of the issues in a case. There had been an argument and decision. Costs were allowable, and properly taxed and paid. They were paid 'for argument of the appeal.' The judgment was affirmed, the costs paid, and, of course, the plaintiff satisfied. But upon defendant's application a reargument was ordered. He it was who imposed the labor of a reargument that took place; and the court thereupon reversed the judgment, and ordered a new trial, with costs to abide the event. The court expressly ordered the costs to abide. That, of course, covered statutory costs to the successful party. By subdivision 1 of section 306 of the Code, the costs of an appeal are in the discretion of the court when a new trial is ordered. The discretion was therefore properly exercised by the general term when it reversed the judgment and ordered a new trial. The plaintiff would have no compensation for the reargument if this item was not allowed. Slocum v. Lansing, 3 Denio, 259, and note; Day v. Beach, 1 How. Prac. 236; Koon v. Thurman, 2 Hill, 357."

In the case of First Nat. Bank of Meadville v. Fourth Nat. Bank of New York, 84 N. Y. 469, the plaintiff obtained judgment, which was affirmed on appeal to the general term; but it and the judgment of the general term were reversed on appeal to the court of appeals, "with costs to abide the event." A new trial was had, and the plaintiff was again successful, and the clerk allowed and taxed the costs of the appeal to the court of appeals. The court say:

"The plaintiff is entitled to tax the costs of the appeal to this court. The first judgment was reversed, with costs to abide the event. The event of the new trial was the circumstance which was to determine which party should recover the costs of the appeal. The order did not limit the recovery of costs to the prevailing party on the appeal in case he should finally succeed in the action. Appeals are often taken for technical errors which do not affect the merits; and, although the appellant is successful, the effect of such appeals in many cases is simply to protract and increase the expense of the litigation. There is generally no injustice in awarding costs on the appeal to the party who shall finally recover. It is conceded that the plaintiff is entitled to tax the costs of both trials. This is the undoubted practice, although the first judgment in his favor was erroneous. In analogy, he should be allowed to

tax the costs of the appeal. We have often limited the recovery of costs on appeal to one of the parties; but where the order reversing a judgment and granting a new trial is made with costs to abide the event, without other limitation, we understand that the party finally succeeding in the action is entitled to tax them."

In the case of Willard v. Harbeck, 3 Denio, 260, the plaintiffs recovered on a hearing before referees. Several hearings were noticed. The plaintiffs each time appeared with their witnesses, and on three occasions the hearing fell through because of the absence of one of the referees. Plaintiffs' attorneys charged an attorney and counsel fee amounting to six dollars for each appearance, together with other items. The court, on a motion for retaxation of costs, say:

"The appointed hearing fell through several times without any fault on the part of the plaintiffs, and we see no reason why they should not be allowed the costs of preparing and attending on those occasions."

In the case of Carpenter v. Assurance Co., 25 Hun, 194, the plaintiff secured a verdict for $10. A motion for a new trial upon the minutes was denied, and judgment was entered in favor of the defendant for the costs. The plaintiff appealed to the general term, which reversed the judgment, and ordered a new trial, with costs to abide the event. On the new trial the plaintiff secured a verdict for $491.25. The clerk disallowed the plaintiff's costs and disbursements for the first trial, and, upon appeal by plaintiff therefrom, an order was made at special term affirming the action of the county clerk. On an appeal coming to the general term of the Second department, the court said:

"If the correct judgment had been reached upon the first trial, the plaintiff would have been entitled to costs. An incorrect rule of damages having been laid down, he thereby failed to get a verdict for an amount sufficient to entitle him to costs. He was bound even to pay costs to his adversary. Upon appeal the judgment was reversed, and a new trial granted to the plaintiff, costs to abide the event. This event was the result of the second trial. It was in favor of the plaintiff for an amount establishing plaintiff's right to costs. This includes all the costs of the action, as well of the first trial as of the appeal and the new trial."

The case of Bigler v. Pinkney, 24 Hun, 224, relied upon by the defendants, is not in point. In that case the plaintiffs had judgment on the report of a referee, and the defendant moved for an order requiring the referee to make further findings. On this request being denied, an appeal was taken to the general term, which affirmed the judgment. Defendant then appealed to the court of appeals, which reversed the judgment, and directed the referee to make further findings. The court further decided that the defendant have costs of the appeal from the order in both courts, and that the costs of the appeal to the court of appeals from the judgment should abide the event of the action. There was a reargument of the cause at the general term after the additional findings were made by the referee, which resulted in an affirmance of the judgment; and thereupon the plaintiffs taxed costs of the appeal from the judgment of the general term, costs of the appeal to the court of appeals, and costs of the reargument at the general term. The court say:

"The objection raised to the allowance of costs in the court of appeals cannot be sustained. Under the decision of that court, they went to the party eventually succeeding in the action, and so far the plaintiff is successful.

The allowance to the plaintiff of the costs in the general term presents a question more serious. The plaintiff there had a judgment of affirmance, and the order entered on the decision of the court of appeals provided that such judgment 'be, and the same hereby is, reversed, with costs to the court of appeals to abide the event of the action.' This is an action of law, and costs follow success; but here the plaintiff sustained defeat. The decision of the court of appeals does not make the costs of the action abide the event, but only the costs of that court, and there has been no decision affecting the costs in the general term. As, therefore, the judgment of the plaintiff was reversed, he cannot be allowed costs of the general term."

In the case at bar the plaintiff had a judgment. It was affirmed at general term. On a reargument the judgment was reversed, and a new trial granted, costs to abide the event. On the retrial the plaintiff was again successful; and under the rule recognized in the case of Bigler v. Pinkney, supra, the costs were taxable against the defendants, because they were made contingent upon the outcome of the trial by the decision of the court in granting the new trial. We see no reason, however, for allowing the item of $20 before notice of argument to be taxed but once. While it is true that there has been a diversity of opinion upon the first question, we are convinced that the weight of reason, of justice and authority, are in favor of reversing the order of the court below, and of granting the motion for a retaxation of costs, with the costs of this appeal.

Order reversed, with $10 costs and disbursements, and clerk directed to tax the additional sum of $40 for second argument on appeal to general term. All concur.