In re JONES.

(District Court, E. D. Wisconsin. November 18, 1899.)

1. BANKRUPTCY—EXEMPT PROPERTY—WEARING APPAREL—WATCH.

Where the state statute (Rev. St. Wis. § 2982) exempts from execution "all wearing apparel of the debtor," a bankrupt who owns a gold watch and chain, which he habitually carries upon his person in the ordinary mode of use, will be entitled to have the same set apart to him as exempt.

2. SAME—MASONIC UNIFORM.

Under a state statute exempting from execution "all wearing apparel of the debtor," a bankrupt will be entitled to claim as exempt a Masonic

uniform, although he does not wear it as an ordinary and usual dress, but on special occasions only.

In Bankruptcy.

The referee certifies a question of exemption claimed by the bankrupt, of "one gold watch, chain, and charm," and of "a certain uniform and paraphernalia," further described as a "Masonic uniform." The certificate states that "the watch and chain were carried upon the person, in the mode of ordinary usage," and that "the Masonic uniform was not used as ordinary or usual wearing apparel," and that the referee held the articles not exempt, and ordered their delivery to the trustee.

Howlands & Elholm and Hand & Hand, for creditors.

Walker & Richards, for bankrupt.

SEAMAN, District Judge. The question certified is one of difficulty, in the absence of any definition by the supreme court of Wisconsin of the term wearing apparel as employed in the statute (Rev. St. § 2982) exempting "all wearing apparel of the debtor and his family," and in view of the diversity of decisions in other jurisdictions on the inquiry whether a gold or silver watch is included in such designation of exemptions. See cases pro and con collated in 12 Am. & Eng. Enc. Law (2d Ed.) 117, 118. The bankruptcy act adopts the exemptions of the state statute, which includes their construction by the supreme court of the state, and the rulings of that court are uniform in favor of the utmost liberality for such interpretation. Heath v. Keyes, 35 Wis. 668, 672; Cunningham v. Brictson, 101 Wis. 378, 383, 77 N. W. 740. In the well-considered case, In re Steele, 2 Flip. 324, Fed. Cas. No. 13,346, it is held that a watch usually carried upon the person of the debtor constitutes wearing apparel, within the exemption statute; and this view is approved in Stewart v. McClung, 12 Or. 431, 8 Pac. 447, and in Brown v. Edmonds (S. D.) 59 N. W. 731. Without attempting to review the authorities one way and the other upon this point, I am of opinion that such construction is in accord with the Wisconsin doctrine, and should be adopted here. It is true that Judge Hopkins, of the Western district of Wisconsin, held otherwise in an early case in bankruptcy under the act of 1867 (In re Graham, 2 Biss. 449, Fed. Cas. No. 5,660), but without discussion in the opinion, or reference to the authorities in Wisconsin or elsewhere; and, however persuasive as a ruling by that eminent judge, it cannot be regarded as controlling in the light of later interpretations. In reference to the "Masonic uniform," it appears to be owned for occasional wearing apparel, and the statute imposes no requirement of "ordinary and usual" service. If so held in good faith, the exemption applies. Vide Frazier v. Barnum, 19 N. J. Eq. 316. Let the exemptions be allowed accordingly.

NOTE. Since filing the foregoing opinion, the case of Sellers v. Bell, 36 C. C. A. 502, 94 Fed. 801, 811, has come to my notice; and the circuit court of appeals, Fifth circuit, therein holds that a watch is exempt, within the statutory designation of wearing apparel.