MAYNARD CRANE *v.* JOHN T. ODEGARD.

Opinion filed June 23, 1903.

**Same Costs and Disbursements Upon Reargument as Upon the Argument.**

1. Under subdivision 5, section 5575, Rev. Codes 1899, the party prevailing in this court is entitled to recover, as part of his costs and disbursements in case of a reargument, the same amount for the argument on the rehearing as is allowed for the original argument.

**Costs of Printing Briefs Served Out of Time Upon Leave, Allowed.**

2. The fact that briefs have been served and filed out of time, when done by leave of court, does not defeat the right of the prevailing party to have the cost of printing the same taxed as part of his costs and disbursements.

**Allowance of Costs on Motion, Abuse of Discretion.**

3. Section 5589, Rev. Codes 1899, gives to district courts power to award motion costs in their discretion in a sum not to exceed $25. The allowance in this case of $15 upon a denial of appellant's motion to retax costs was not an abuse of discretion.

Appeal from District Court, Griggs County; *S. L. Glaspell,* J.

Action by Maynard Crane against John T. Odegard. From an order affirming the taxation of costs on a remittitur from the Supreme Court after an unsuccessful appeal by plaintiff, he again appeals. Affirmed.

*J. E. Robinson,* for appellant.

There is no cost allowed for reargument. *Kirby* v. *Western Union Telegraph 'Co.,* 8 S. D. 54, 65 N. W. Rep. 482. Cost is dependent on statute. Courts have no inherent power to award costs to a litigant. *Wallace* v. *Sheldon,* 76 N. W. Rep. 419; *Atwater* v. *Russell,* 52 N. W. Rep. 26, 5 Enc. Pl. & Pr. 196; *Swartwont* v. *Evans,* 37 Ill. 442.

District court erred in allowing costs on motion. Costs may be denied on motion where question of practice is involved or fairly open to question. *Culver* v. *McKeown,* 43 Mich. 322, 5 N. W. Rep. 422; *Price* v. *Price et al.,* 46 Mich. 68, 8 N. W. Rep. 622; *Myer* v. *Hart,* 40 Mich. 517.

*Newman, Spalding & Stambaugh,* for respondents.

Statutory costs of $15 for argument on rehearing was properly allowed. Our statute, chapter 11, Laws of 1883, was adopted

from New York. Costs on reargument were allowed in that state. *Babcock* v. *Libbey,* 53 How. Pr. 255; *Guckenheimer* v. *Angevine,* 16 Hun. 453; see also *Kirby* v. *Western Union Telegraph Co.,* 65 N. W. Rep. 482; *Brown* v. *Edmonds,* 66 N. W. Rep. 310. Illinois has no statute allowing costs, and cases cited from there are not in point.

Allowance of $15, motion costs, was in discretion of the district court and is not reviewable. 5589 Rev. Codes.

YOUNG, C. J. Plaintiff appeals from an order of the district court of Griggs county affirming the taxation of costs in this case by the clerk of that court upon a remittitur from this court. The controversy is over costs which accrued in this court. The case was argued twice. At the first argument three motions were made by counsel for respondent, one of which was to strike out the appellant's statement of case and affirm the judgment of the lower court. The motion was sustained. Plaintiff petitioned for a rehearing. The petition was granted and the case was fully reargued at the September, 1902, term, resulting in a dismissal of plaintiff's appeal and affirmance of the judgment. See *Crane* v. *Odegard,* 11 N. D. 342, 91 N. W. Rep. 962.

The items of cost which are objected to are $15, attorneys' fee allowed for the reargument, and $27.75 for a printed brief filed by respondent at the rehearing upon the motions. Both items, in our opinion, were properly allowed.

The allowance of $15 attorneys' fee for the original argument, and $15 for the argument upon the rehearing, was proper under section 5575, Rev. Codes 1899. This section was adopted in this jurisdiction from New York, and, under a well established rule of construction, we are deemed to have taken it with the construction theretofore placed upon it by the courts of that state. Prior to its adoption here, it had been construed as authorizing an allowance of the statutory attorneys' fee upon a reargument as well as upon the original argument. *Sweet* v. *Chapman,* 53 How. Prac. 253 (decided in 1877); *Guckenheimer et al.* v. *Angevine,* 16 Hun. 453. The same statute is in force in South Dakota, and has been held to authorize the prevailing party to recover, as a part of his costs and disbursements for argument on rehearing, a sum equal to the amount allowed for the original argument. *Kirby* v. *Western Union Telegraph Company* (S. D.) 65 N. W. Rep. 482; *Brown* v. *Edmonds* (S. D.) 66 N. W. Rep. 310, 59 Am. St. Rep. 762. It must be conceded

that the statute is not plain, and its meaning can be ascertained only by construction. It merely provides: "* * * for argument, $15. * * * " The allowance of an attorneys' fee for the argument upon a rehearing is altogether just, and does no violence to the language of the statute. We will not, therefore, depart from the construction placed upon it by the courts of New York and of our sister state.

The item for printing the brief submitted by respondent upon the motions was also a proper allowance. The brief was served and filed by leave of court, and was such a brief as was required to be printed by rule 18 of the Revised Rules of this court. 74 N. W. Rep. x. The fact that it was not served and filed twenty-five days before the term does not remove it from the class of briefs which are required to be printed, or render the costs of printing the same an improper item of costs. It is always in the power of the court to permit the service and filing of briefs out of time.

The trial court, in overruling the appellant's motion to retax the costs, allowed the respondent $15 for motion costs, and this is assigned as error. The assignment is without merit. Section 5589, Rev. Codes 1899, provides that: "Upon a motion in an action or proceeding costs may be awarded, not to exceed twenty-five dollars, either absolutely or to abide the event of the action, to any party in the discretion of the court." The amount allowed was within the statutory limit. There was no abuse of discretion.

Order affirmed. All concur.