(63 Misc. Rep. 64.)

## SCHWARTZ et al. v. RIBAUDO.

(City Court of New York, Special Term. March, 1909.)

1. Costs (§ 250*)—Appeal—Reargument.
　　Where a reargument of an appeal to the Appellate Term is ordered on the motion of the unsuccessful party, a fee is taxable for it under Code Civ. Proc. § 3251, subd. 4, as well as for the first argument; and it makes no difference that the judges sitting when the appeal appeared for reargument declined to hear the same and sent the briefs submitted to the judges who heard the previous argument.
　　[Ed. Note.—For other cases, see Costs, Cent. Dig. § 956; Dec. Dig. § 250.*]

2. Costs (§ 222*)—Appeal—Statutory Provisions.
　　On appeal to the Appellate Term of the Supreme Court from the City Court of New York, the costs are regulated by Code Civ. Proc. § 3251, subd. 4.
　　[Ed. Note.—For other cases, see Costs, Dec. Dig. § 222.*]

3. Costs (§ 250*)—Appeal—Right to Oral Argument.
　　Under Supreme Court rule 4, requiring a motion for reargument to be submitted on printed briefs, and providing that counsel will not be heard orally, a party cannot object to the taxation of a reargument fee on the ground that he did not have opportunity to reargue his appeal orally.
　　[Ed. Note.—For other cases, see Costs, Dec. Dig. § 250.*]

Action by Morris Schwartz and others against Andrea Ribaudo. On motion for retaxation of costs by striking out the sum taxed for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a reargument of the appeal taken to the Appellate Term.    Motion denied.

See, also, 110 N. Y. Supp. 352; 114 N. Y. Supp. 1145.

Morris Meyers, for plaintiffs.
Achille J. Oishei, for defendant.

FINELITE, J.    This is a motion made by the plaintiff for a retaxation of costs in favor of the defendant by striking out from the bill of costs as taxed the sum of $40 taxed for a reargument of the appeal taken herein at the Appellate Term.    On the first argument of the appeal it was decided in favor of the defendant.    The plaintiff then made a motion at the Appellate Term for leave to appeal from the affirmance of the judgment to the Appellate Division, or, in the alternative, that a reargument be had de novo, as the court had evidently overlooked legal propositions involved.    The said Appellate Term granted the appellant's motion, and the appeal was noticed for reargument for the following term.    When said appeal appeared upon the Appellate Term calendar, the judges then sitting at that term refused and declined to hear or permit argument thereon, but sent the briefs submitted to the judges who had previously heard it.

Plaintiff now claims, for the reason that he did not have an opportunity to argue the appeal orally, that the submission of briefs from the judges of one Appellate Term to the judges of the first Appellate Term that heard the original argument was not a reargument of the appeal, for which the respondent or the defendant would have the right to tax an additional argument fee.    It does not appear that a reargument was necessary, as the questions of law involved had not been overlooked by the Appellate Term who heard the first argument, and as the plaintiff appellant on his own volition applied for leave to appeal to the Appellate Division or to obtain leave for a reargument, and the same being granted to be argued de novo, it was no fault of the respondent that the plaintiff appellant was unsuccessful on said reargument.    It makes no difference whether the appeal was argued orally or the argument made by briefs.    It means the same thing.    As was said in the case of Guckenheimer v. Angevine, 16 Hun, 453, by Spring, J.:

"On the merits we are of the opinion that plaintiffs were entitled to the argument fee given by statute for each argument.    It does not appear that the necessity for a reargument was caused by any act or omission on defendant's part, and, two arguments having been in fact made, we think the items were properly taxed."

The case at bar is closely analogous to the present one, and is decisive of it.    In each argument was made without the fault of the party eventually successful and upon the order of the court.    In each case the attorney made the argument and did the work which entitled him to the compensation prescribed.    In Miller v. King, 32 App. Div. 349, 52 N. Y. Supp. 1041, a reargument was ordered upon the motion of the unsuccessful party after the decision by the General Term, and on reargument a new trial was granted.    The plaintiff again succeeded upon the new trial, and the Appellate Division held that he was en-

titled to tax for both arguments, and quotes with approval the extract given above from the Guckenheimer opinion.

Section 3251, subd. 4, of the Code of Civil Procedure, in providing for costs to be awarded to the successful party after an appeal to the Appellate Division, is: "For argument, $40." Following the wording of the preceding subdivision, and by analogy, the party who eventually wins out in this lawsuit should be allowed the stipulated fee for every argument he is compelled to make. The theory of the allowance is compensation for services rendered in performing the precise labor covered by the award. Whether this is done at the instance of the court by reason of this qualification of the judges of the Appellate Term to whom the application was made and granted, or whether the Appellate Term then sitting on the day when said appeal appeared upon the calendar for reargument, and said Appellate Term sending the same to the Appellate Term that heard said argument, makes no difference, as where a reargument is ordered a fee is taxable for it, as well as for the first argument. Roberson v. Folding Box Co., 68 App. Div. 528, 73 N. Y. Supp. 898.

In an appeal to the Appellate Term of the Supreme Court from this court the costs are regulated by subdivision 4 of section 3251 of the Code of Civil Procedure, as above stated. Burnell v. Coles, 26 Misc. Rep. 378, 56 N. Y. Supp. 208. The clerk correctly taxed the second fee for reargument.

Rule 4 of the Supreme Court rules governing the Appellate Term of said court reads as follows:

"Motions for reargument will only be heard on notice to the adverse party at the next succeeding term after the decision. Such notice must state briefly the ground upon which the argument is asked, and such motions must be submitted on printed briefs, stating concisely the points supposed to have been overlooked or misapprehended by the court, with proper reference to the particular portion of the case and the authorities relied upon, together with copies of the opinions, if any, and counsel will not be heard orally."

The plaintiff cannot object to the reargument fee as taxed, for the reason that he did not have an opportunity to reargue his appeal orally.

Motion for retaxation denied. Submit order.